[Civ. No. 5922.    Third Appellate District.—June 8, 1938.]

JOSEPH LEMA et al., Respondents, v. LEWIS C. FERRARI et al., Appellants.

Snyder & Snyder for Appellants.

A. L. Martin and T. G. Negrich for Respondents.

THOMPSON, J.—This is an action for injunctive relief to restrain the defendants from interfering with plaintiffs' easement in and to the use and enjoyment of the benefits of the water for irrigation and domestic purposes from a certain spring which is situated on the land of defendants.

Joseph and Ida A. Lema are husband and wife. Joseph is the son of the plaintiff, Lucy Lema. The complaint alleges that for thirty-five years the plaintiff, Lucy Lema, has been and now is the owner of a ten-acre tract of land in Amador County, which is specifically described; that the plaintiffs, Joseph and Ida A. Lema, for a similar length of time have been, and now are the owners of an adjoining tract of land which is also described, and that defendants are owners of a large tract of land adjoining the plaintiffs' said lands on the north and west thereof; that upon a part of defendants' land, which was acquired from Mary Elizabeth Hageman, there is located a certain spring called the Murphy spring or Murphy reservoir; that the plaintiffs, Joseph and Ida A. Lema, are the owners and entitled to one-half of the flow of water from the Murphy spring; that the plaintiff, Lucy Lema, is the owner and entitled to the other half of the flow of water from that spring; that the defendants have no right or title to that spring, but that they have diverted the water from the spring and permit their cattle to stray upon the field where the spring is located and consume the water therefrom and otherwise interfere with plaintiffs' ownership and use of the water of the spring, and that defendants threaten to continue to use the water and interfere with plaintiffs' use thereof.

The defendants filed an answer and cross-complaint denying that plaintiffs or either of them own any part of the water of the Murphy spring, or that they are entitled to the use thereof, and, upon the contrary, that defendants own the spring and are entitled to the use of the water thereof, and that they have permitted their stock to drink from the spring and intend to continue to do so, and pray that the court decree that plaintiffs take nothing by their action.

Upon trial of the cause the record and judgment in a former suit involving the ownership and right to the water from the Murphy spring were received in evidence. That

judgment was rendered in Amador County in 1900. It was determined in that suit which was entitled *Jennie A. Murphy, Plaintiff,* v. *Mary Elizabeth Hageman, John C. Lema and Lucy Lema, His Wife, Defendants,* that:

"Jennie A. Murphy is entitled to one-half the natural flow of the spring and reservoir . . . taken from a point of diversion at said reservoir through the ditch and flume commonly called the Jennie Murphy Ditch, conveying water from said spring and reservoir through the land of the defendants . . . to the land of plaintiff hereinafter described, the same to flow uninterruptedly through said ditch and flumes, and being the natural flow of said spring and reservoir at the same point of diversion and at the same level in said reservoir as at the date of the commencement of this action."

The decree in that action further determines that:

"John C. Lema and Lucy Lema, his wife, are entitled to the use upon that portion of their lands hereinafter described which lies below said ditch and constitutes their garden, for household, domestic and irrigating purposes, of one-half of the natural flow of said spring and reservoir at the same point of diversion and at the same level in said reservoir as at the date of the commencement of this action, the same to be used through the said Jennie Murphy ditch and flumes and by means of the irrigating reservoir situated back of the dwelling house of said defendants Lema, upon their said garden, and when the said one-half of said natural flow is not being used by them it shall be turned back in said ditch and be permitted to flow therein down to and upon the lands of the plaintiff, together with the other one-half of said flow hereinabove decreed to belong to plaintiff."

That decree also provides:

"Mary Elizabeth Hageman claims no right of ownership in said spring or natural flow therefrom or said ditch, but does claim and is entitled to have the cattle belonging to her when upon the land upon which the same is situated drink therefrom, and the said right to have said cattle drink from said spring is hereby confirmed to said defendant Mary Elizabeth Hageman."

At the trial of the present action, a deed of conveyance of the land to which the above-mentioned one-half interest in the water from the Murphy spring is appurtenant, was received in evidence, from Jennie A. Murphy to Joseph and Ida

Lema, dated March 18, 1916. For a valuable consideration that deed conveyed to the plaintiffs in this suit, Joseph and Ida A. Lema, not only the land but also the water rights vested in Jennie A. Murphy by the decree which was formerly rendered in 1900. The language of the deed conveying the water rights is as follows:

"Also one-half of the natural flow of the spring and the reservoir commonly called the Murphy reservoir, hereinafter described, taken from a point of diversion at said reservoir, through a ditch and flume commonly called the Jennie Murphy ditch, conveying water from said spring and reservoir through the lands of one Lema to the lands above described; also all the right, title and interest of the parties of the first part, in and to said spring and reservoir and said ditch and flume known as the Jennie Murphy ditch. The said spring and reservoir is situated upon that piece or parcel of land" (here follows a description of the land upon which the spring is located).

It will be observed the decree of court in the previous action awarded one-half of the water of the spring to John C. and Lucy Lema, husband and wife, to which one-half interest the wife succeeded and is now the owner, and that the remaining one-half interest which was awarded to Jennie A. Murphy in that same suit was conveyed by the deed of March 18, 1916, to Joseph and Ida A. Lema. The plaintiffs in the present action, therefore, own the entire flow of water from that spring, together with the easement of maintaining and conducting it to their lands by means of the ditch referred to, subject only to the right of Mary Elizabeth Hageman or her successor in title to water their cattle at that spring, according to the reservation therefor contained in the former decree of court. We assume, although we are directed to no evidence to that effect, that the defendants in this case succeeded to the title of Mary Elizabeth Hageman in the land upon which the spring is located. But there is no evidence that any reservation of right or title to the water of the spring was ever conveyed to the defendants in this action.

The evidence in this case shows without contradiction that Mrs. Hageman never owned or watered more than twelve head of cattle at that spring. It satisfactorily appears that the plaintiffs constantly used the water from that spring. Joseph Lema testified in that regard:

"Q. Does that spring run in what we call a 'dry year', Mr. Lema? A. We always have had water—about the only year we didn't have much water was in 1913. . . . That was only about two weeks, we had the water down there—always have water inside the fence."

It appears the plaintiffs constructed and maintained on the property of Lucy Lema a reservoir in which they impounded and held the water which flowed through the Murphy ditch from the spring, to economize and conserve the water for necessary domestic use. The evidence is undisputed that the said water rights were regularly assessed and taxed as appurtenances to the lands of the respective plaintiffs in this action, and that they have always paid those taxes.

The evidence also shows that the defendants in this suit, for about three years, kept a herd of at least 125 head of cattle which were permitted to and did interfere with plaintiffs'· right, title and use of the water from the spring by straying in and about the ditch which conveys the water from the spring, trampling down the banks thereof, polluting the water therein and obstructing its flow, to the great detriment of plaintiffs, and that the plaintiffs were thereby compelled to repair and clean the ditch of obstructions every few days.

The court adopted findings in this case to the effect that the plaintiffs for more than thirty-five years last past have been and now are the owners and entitled to the use of the water from the Murphy spring and reservoir situated on the property of the defendants, which is particularly described; that the defendants have no right to interfere with plaintiffs' use of the waters of that spring; that the defendants have diverted the water and interfered with plaintiffs' use thereof, and have threatened to continue to do so, and that the plaintiffs are entitled to an injunction restraining the defendants from continuing to interfere with their said water rights.

A decree was thereupon rendered in which it was determined that the plaintiffs are entitled to the use of all the natural flow of the water from the Murphy spring and reservoir, "for household, domestic and irrigation purposes taken from a point of diversion at said reservoir by reasonable means of diversion, and in such quantity as is reasonably necessary for the purposes aforesaid". The defendants were

thereupon restrained from interfering with plaintiffs' said use of the water.

The appellants contend that the complaint fails to allege facts sufficient to warrant injunctive relief; that the evidence does not support the findings and decree establishing ownership of any part of the water in plaintiffs for the reason that it fails to show a beneficial use thereof; that the evidence fails to prove interference with the plaintiffs' use of the water on the part of the defendants, and that the evidence fails to show irreparable injury to plaintiffs' use of the water warranting the issuance of an injunction.

The allegations of the complaint to the effect that the plaintiffs are the owners and entitled to the possession of the entire natural flow of water from the spring and reservoir commonly called the Murphy spring, which is located on land described in the pleadings, together with averments that the defendants had no title thereto and that they interfered with plaintiffs' title and use thereof by wrongfully diverting it, sufficiently raises the issue as to the ownership of the water from the spring and the right to an easement over defendants' land for the use and enjoyment thereof. The complaint states a good cause of action for injunctive relief against alleged interference therewith. In 67 Corpus Juris, page 1057, section 519, it is said:

"Where it appears from the pleadings that each party claims the right to take all the water of a particular stream, the pleadings cannot be construed as presenting a suit to ascertain and declare the respective rights and priorities of the parties in the use of the water."

It was not necessary to allege affirmatively that the water was necessary for purposes beneficial to the plaintiffs. (*Cheda* v. *Bodkin*, 173 Cal. 7 [158 Pac. 1025]; 9 Cal. Jur. 963, sec. 14.) This is not a suit for the apportionment of water. In the authority last cited it is said:

"In an action based upon the ownership of an easement, an allegation that the plaintiff is the owner of a described right of way *or other easement* over defendant's land and that such easement is appurtenant to plaintiff's land, is a sufficient statement of the ultimate facts to be established, and *such an allegation may be sustained by proof of title acquired in any legal mode, whether by grant or by prescription.*"

Similar allegations in the Cheda case, *supra,* with relation to an asserted claim of easement for the use of water derived from defendant's land, were held to be sufficient, even against a demurrer which was filed in that case. In the present case there was no demurrer presented. Moreover, the answer affirmatively raises the identical question with relation to the ownership of the water of the Murphy spring, by denying plaintiffs' title thereto and by asserting that it belongs absolutely to the defendants. The only issue in the case was whether plaintiffs had a right to the waters of that spring, and to an injunction against interference therewith. The spring is located on the land of defendants. Plaintiffs acquired one-half interest in the water of that spring by virtué of a judgment which was previously rendered in another suit with relation thereto. The remaining one-half interest was acquired by deed from the owner thereof. The title and use of the water is appurtenant to the lands of the plaintiffs, and became an easement incident to the lands of defendants for that purpose. We are of the opinion the allegations of the complaint are sufficient in that regard.

It was not necessary for the plaintiffs in this case to prove affirmatively that all of the water which they obtained from the spring was used for beneficial purposes. The question as to *what quantity* of water belongs either to the plaintiffs or to the defendants was not an issue in the case. The real question at issue was whether the defendants interfered with plaintiffs' right to take the water by permitting their stock to trample down the banks and obstruct the flow of the water in the ditch. The decree which was rendered in this case does not prohibit the defendants from watering their stock at the spring. It merely enjoins them from interfering with the right of the plaintiffs to take and use water in the manner authorized by the former judgment and deed of conveyance.

Plaintiffs made a *prima facie* showing of title to the water based upon the former judgment and deed, together with some evidence of continuous use. Assuming that the rights of the plaintiffs to the water are based upon prescriptive rights formerly acquired, those rights could be lost only by abandonment, forfeiture or by operation of law. If the defendants sought to defeat plaintiffs' rights by abandonment, nonuser, or otherwise, in view of the *prima facie* showing of title on the part of the plaintiffs, the burden was on the

defendants to show such loss of rights. No evidence was adduced in support of any such contention. In 67 Corpus Juris, page 959, section 408, it is said in that regard:

"Prescriptive rights once acquired cannot be taken from or lost by those acquiring them except by their voluntary acts, by forfeiture, or by operation of law; they are subject to be lost only as similar property might be, had title thereto been acquired by deed. Such a right, acquired by user, may be lost by disuser, the discontinuance of the use for a long period affording a presumption of the extinguishment of the right."

And it is further said at page 1061 of the authority, section 526:

"A party who bases his right on prescription or adverse possession, or *on the abandonment or forfeiture of prior rights, has the burden of proof as to such matters.*"

We are of the opinion there is no merit in the contention that the judgment should be reversed because the court failed to fix specifically the amount of water to which the plaintiffs are entitled. In the case of *McAlister* v. *Dungan*, 108 Cal. App. 185, 189 [291 Pac. 419], a similar contention that the judgment should be reversed for failure to fix the amount of water to which the defendants in that case were entitled was disposed of in this language:

"The only other point urged for a reversal is that the court failed to fix specifically the amount of water to which defendants were entitled to take from their said spring'. But this is not an action for the division of the water of the spring. The judgment in this action, as well as that in the former action, gives the defendants the right to the use of all the water of the spring. While the flow of water from the spring is variable, the judgment is fixed and certain."

As we have previously said, this is not a suit for partition or allotment of water of a spring as between the respective parties. It is merely a suit for injunction to restrain the defendants from interfering with plaintiffs' use of the water. We assume from the language of the findings and judgment that the court affirmed the plaintiffs' right, derived from the former judgment and deed of conveyance, to all of the water from the spring and reservoir, taken by means of the ditch, which is reasonably necessary for their use for "household, domestic and irrigation purposes" on their respective lands, and that any water therefrom in excess of those needs of the

plaintiffs may be used by the defendants. If there be an excess of water over and above the reasonable requirements of the plaintiffs, to which the defendants are entitled, we are of the opinion the burden was on the defendants to show that fact in defense of this action to enjoin them from interfering with plaintiffs' rights by permitting their cattle to divert water by trampling down the banks and obstructing the flow of water in the ditch. The judgment might have been more specific in enumerating the acts of infringement which are thereby prohibited. We are of the opinion, however, that the judgment is adequate enough for the purposes of this proceeding.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.